IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRESHTEC FOOD PROCESSING, ) <br> EQUIPMENT INTERNATIONAL, LLC, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> EASY TRAY, LLC, ) <br> ) <br> Defendant. ) | Civil Action No. 05-142J |

## MEMORANDUM OPINION AND ORDER

GIBSON, J.

This case comes before the Court on Defendant's Motion to Dismiss or Transfer Venue Pursuant to 28 U.S.C. § 1404. (Document No. 6). Upon consideration of the record in the case *sub judice*, the Defendant's unopposed motion, and the governing legal principles set forth in 28 U.S.C. § 1404, the Court shall grant in part and deny in part the Defendant's Motion to Dismiss or Transfer Venue Pursuant to 28 U.S.C. § 1404 for the following reasons.

## JURISDICTION

Jurisdiction is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1332, in that all parties to the above-captioned civil action are citizens of different states, and the subject matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Specifically, Plaintiff is a Limited Liability Company organized under the laws of the Commonwealth of Pennsylvania with its principle place of business in Pennsylvania, and Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs. Additionally, the Defendant is a Limited Liability Company organized under the laws of the State of South Carolina with its principal place of business in South Carolina.

**BACKGROUND**[1]

The Plaintiff commenced the above-captioned civil action in the Court of Common Pleas for the County of Clearfield, Commonwealth of Pennsylvania, with the issuance of a Writ of Summons followed by the filing of a Summons and Complaint on January 18, 2005. (Document No. 1).

On or about May of 2003, the Defendant, "a newly formed South Carolina limited liability company," attempted to locate sources for production equipment for its anticipated operations. (Document No. 6, Exhibit A.). One of the companies identified during the Defendant's search was Backus USA, Inc.[2] (hereinafter "Backus USA"), "a food processing equipment supplier with representatives in North Carolina and Pennsylvania." *Id.* After initiating contact with Backus USA, a representative from Backus USA traveled to South Carolina to meet with personnel from the Defendant company. At that time, Backus USA provided to the Defendant estimated costs on various pieces of equipment. *Id.*

Over the next several months, Backus USA actively sought the Defendant's business by continuing to meet with Defendant personnel in South Carolina. Additionally, Backus USA representative, David Knox, visited a building in South Carolina that was under consideration by the Defendant as a potential site for the Defendant's plant operations. (Document No. 6, Exhibit A). Thereafter, Backus USA President, Larry Salone, accompanied Mr. Knox on a subsequent

---

[1] The factual and procedural background provided in this Court's Memorandum and Opinion are taken as true and uncontested solely for the purpose of this Court's consideration of the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or, in the Alternative to Transfer Venue Pursuant to 28 U.S.C. § 1404.

[2] Backus USA is a Delaware corporation with its principal place of business in DuBois, Pennsylvania. (Document No. 6, Exhibit C). Although Backus USA is not a party named in the above-captioned civil action, Backus USA has been named as a defendant in a South Carolina state action involving the same contract, the same parties named in the case *sub judice*, as well as additional parties. *Id.*

2

visit to the Defendant operation site in order to gather information and provide a comprehensive quote to the Defendant. *Id.*

On or about March 23, 2004, "Backus USA [] and the Defendant entered into an agreement in which [the] Defendant agreed to purchase an onion processing line and pepper processing line from Backus USA." (Document No. 1, Exhibit 1). One of Backus USA's responsibilities, *inter alia*, under the terms of the contract was to deliver equipment to the Defendant in South Carolina. (Document No. 6, Exhibit A). Once the equipment arrived, Backus USA agreed to install, integrate, and debug the equipment, as well as train the Defendant's employees. *Id.*

Subsequent to the parties entering into the agreement on March 23, 2004, the Plaintiff, Freshtec, alleges that Backus USA assigned all if its right, title and interest in the contract to the Plaintiff. (Document No. 1, Exhibit 1). Similarly, the Defendant contends that it "understood that the equipment to be supplied as part of the contract [between Backus USA and Defendant] would be coming from a variety of manufacturers." (Document No. 6, Exhibit D). In fact, "the vast majority of the equipment was to be supplied by various companies from other states[,] as well as overseas." *Id.* Also, some of the equipment and machines were to be supplied by the Plaintiff.[3] *Id.*

During the course of the business relationship between the Plaintiff and the Defendant, the Plaintiff alleges that the Defendant failed to fulfill Defendant's responsibilities under the terms of the contract. *Id.* For example, the Plaintiff alleges that the "Defendant failed to provide assistance

---

[3]The Defendant notes that although the Plaintiff was not a signatory to the contract between Backus USA and the Defendant, the Plaintiff is "referred to as a supplier of certain items in the contract." (Document No. 6, Exhibit D, n. 2). Furthermore, at the request of Backus USA, the Defendant was to make payments under the contract to a "FreshTec account." *Id.* The Court also finds it noteworthy that Mr. Larry Salone is president of both Backus USA and FreshTec. *Id.*

to Plaintiff for the various components necessary to finish the onion and pepper processing lines." (Document No. 1, Exhibit 1, ¶ 8). Additionally, the Plaintiff asserts that the "Defendant [] failed to pay Plaintiff for the $30,000.00 in shipping expenses that [P]laintiff has incurred to date." *Id.* at ¶ 9. Consequently, based upon the Defendant's alleged indication to the Plaintiff that "it does not intend to pay Plaintiff the amount due Plaintiff under the contract," Plaintiff filed the above-captioned action against the Defendant for "anticipatory breach of the contract entitling Plaintiff to the full amount it would be entitled to under the contract." *Id.* at ¶¶ 12-13.

On May 13, 2005, the Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction, or, in the Alternative to Transfer Venue Pursuant to 28 U.S.C. § 1404. Although the Court has granted Plaintiff sufficient time in which to respond to Defendant's motion, the Plaintiff failed to file a response in opposition to the motion, as required by Local Rule of Civil Procedure 7.1.

## DISCUSSION

Initially, the Court observes that 28 U.S.C. § 1404(a) governs transfer requests and provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995); *Rappoport v. Steven Spielberg, Inc.*, 16 F.Supp.2d 481, 497-98 (D.N.J. 1998). "The purpose of § 1404(a) is to avoid the waste of time, energy and money and, in addition to safe guard litigants, witnesses and the public against avoidable inconvenience and expense." *Rappoport*, 16 F.Supp.2d at 497. The party moving to transfer venue bears the burden of establishing the need for a transfer of venue; however, such motions "are not to be liberally granted as the plaintiff's choice of venue

is not to be lightly disturbed."[4] *National Paintball Supply, Inc. v. Cossio*, 996 F.Supp. 459, 462 (E.D. Pa. 1998).

The Court observes that the Third Circuit has set forth that the "choice of forum by a plaintiff is normally a 'paramount concern' in deciding a motion to transfer venue." *Rappoport*, 16 F.Supp. at 499 (*citing Honeywell*, 817 F.Supp. at 480). The choice of forum by a plaintiff "is 'entitled to greater deference' when a plaintiff chooses its home forum." *Id.* Indeed, "[t]he forum chosen by a plaintiff is considered to be presumptively correct." *Rappoport*, 16 F.Supp. at 499. However, this presumption is not dispositive. *American Tel. & Tel. Co. v. MCI Communications Corp.*, 736 F.Supp. 1294, 1306. (D.N.J. 1990). Indeed, a court must consider other relevant factors in its analysis of a motion to transfer. *Rappoport*, 16 F.Supp.2d at 500.

In determining whether a motion to transfer should be granted, a court must "first determine whether the alternative forum is a proper venue . . . ." *National Paintball Supply, Inc.*, 996 F.Supp. at 463. Next, the court should consider whether the "balance of convenience clearly weighs in favor of the transfer. *Id.* Should a court decide to transfer venue to an alternative forum, such transfer "represents an 'exercise [] of structured discretion by trial judges appraising the practical inconvenience posed to the litigants and the court should a particular action be litigated in one forum rather than another.'" *Rappoport*, 16 F.Supp.2d at 498 (*quoting Ricoh Co. Ltd. v. Honeywell, Inc. ("Honeywell")*, 817 F.Supp. 473, 479 (D.N.J. 1993)(*quoting Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 632 (3d Cir. 1989)). However, no rigid rules exist in

---

[4]Although not relevant for purposes of the present motion, the Court observes that "[a] plaintiff's choice of forum . . . is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based." *National Paintball Supply, Inc.*, 996 F.Supp. at 463. Consequently, the Plaintiff in the case *sub judice* is a Limited Liability Company organized under the laws of the Commonwealth of Pennsylvania with its principle place of business in Pennsylvania.

determining a motion to transfer venue, as these determinations are based upon "a flexible and individualized analysis" of the unique facts presented in each case. *Rappoport*, 16 F.Supp.2d at 498 (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-250, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)); *see also Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir. 1988)).

The Court further observes that in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court set forth two broad categories of factors to be considered when determining whether an action should be transferred to a different venue. Cited in *Rappoport*, 16F.Supp.2d at 498. For example, the first broad category consists of "private interests" of the parties involved in the litigation at issue. These private interests include the following:

> [T]he parties' residences, the residence of potential witnesses, the situs of events giving rise to the law suit, the location of records and documents and all other practical problems that make the trial of a case easy, expeditious and inexpensive.

*National Paintball Supply, Inc.*, 996 F.Supp. at 463.

Additionally, the court should consider the broad category of "public interest factors". *National Paintball Supply, Inc.*, 996 F.Supp. at 463; *Rappoport*, 16 F.Supp.2d at 498-99. These factors involve "the administration of courts and the adjudication of cases." *Rappoport*, 16 F.Supp.2d at 498. For instance, some public interest factors include the following:

> court congestion and other administrative difficulties, placing the burden of jury duty on those having the closest ties to the action, local interest in having a matter adjudicated at home and familiarity of the forum court with the applicable law.

*Rappoport*, 16 F.Supp. at 498-99 (citing Gulf Oil, 330 U.S. at 508-09, 67 S.Ct. 839; *Jumara*, 55 F.3d at 879). Accordingly, the Court first determines whether the Defendant has established that an adequate alternative forum exists for the dispute between the parties.

1. **Alternative Forum**

The Court notes that although the Plaintiff's principal place of business is in the Western District of Pennsylvania, the record does not indicate that the factual circumstances surrounding the negotiation of the contract agreed to between Backus USA, and subsequently assigned to the Plaintiff, occurred in the Western District of Pennsylvania. For example, after the Defendant's search for production equipment companies yielded preliminary contact discussions with Backus USA, it was Backus USA representatives who traveled to South Carolina, where the Defendant's principal place of business is located, in order to meet with Defendant's personnel. Furthermore, all contract proposals and face-to-face negotiation meetings were held in South Carolina. (Document No. 6, Exhibit D.)

The record also provides evidence that the performance of the contract at issue between the Plaintiff and Defendant was to occur primarily at the Defendant's plant in North Charleston, South Carolina. For example, under the terms of the contract, "Backus USA's responsibilities for delivery, installation, integration and debugging of the equipment, its training of [Defendant] employees, follow-up calls by Backus USA, and the verification of the required performance standards of the production lines, were all to be performed at the South Carolina plant." (Document No. 6, Exhibit D.).

In addition to Defendant's claims that all contract negotiations and contract performances were to occur in South Carolina, the Defendant also alleges that it has no offices in Pennsylvania. (Document No. 6, Exhibit D). The Defendant claims that it has no property of any kind in Pennsylvania, has never registered to do business in Pennsylvania, and the Defendant does not derive a substantial portion of its revenue from any sales to Pennsylvania. *Id.* Furthermore, the

Defendant maintains that prior to the Plaintiff filing the above civil action, the Defendant did not ever visit Pennsylvania in the ordinary course of business. *Id.*

The Court observes that upon consideration of the above evidence in the case *sub judice*, and based upon Plaintiff's failure to provide evidence that disputes Defendant's claims, the Court determines that the above-captioned civil action could have easily been commenced in the United States District Court in South Carolina. Specifically, the Defendant's principal place of business in located in South Carolina, all contract negotiations at issue in the case *sub judice* occurred in South Carolina, all performance responsibilities under the contract were to occur in South Carolina, and all of the Defendant's employees are located in South Carolina. Accordingly, the Court determines that the United States District Court in South Carolina is a proper alternative forum for the civil action between the parties in the above-captioned case.

2.   **Convenience of Requested Forum**

The Court next considers whether the balance of convenience weighs in favor of the Defendant's motion to transfer to South Carolina. In particular, the Court reviews private interest factors, such as sources of proof, witnesses and documentary evidence in order to determine whether the original choice of forum selected by the Plaintiff would be unduly burdensome and inconvenient. Indeed, the Supreme Court has stated:

> To examine 'the relative ease of access to sources of proof' and the availability of witnesses, the district court must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action.

*Rappoport*, 16 F.Supp.2d at 500 (*quoting Van Cauwenberghe, v. Biard*, 486 U.S. 517, 528, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988)).

Initially, the Court notes that the Plaintiff has brought an anticipatory breach of contract action against the Defendant. Accordingly, documents memorializing the agreement between the parties, as well as documents evidencing all considerations between the parties are relevant sources of proof in order to establish a resolution in the above-captioned civil action.

The Court also observes that the Defendant has set forth the following evidence regarding the location of witnesses and evidence relevant to the above-captioned civil action:

> The production lines and all of the equipment provided under the contract are located at [Defendant's] South Carolina plant. . . . To [the Defendant's] knowledge, based on its prior dealings with [the Plaintiff] and Backus USA, relevant documents from these companies are located in North Carolina, where David Knox is located, as well as Pennsylvania, where Larry Salone resides. Additional Backus USA documents may also be located in South Carolina where Billy Mims, whom [the Defendant] understands to be a former employee or agent of Backus USA, resides. All of [the Defendant's] documents are located in South Carlina. Documents of third-parties . . . are located primarily in South Carolina.[5]

(Document No. 7). Conversely, the Plaintiff has not set forth any objections to trial in the District of South Carolina; nor has the Plaintiff proposed whether one forum would be more convenient, providing better access to witnesses, documents, and sources of proof. Accordingly, based upon the facts of the record and the argument set forth by the Defendant, the Court's analysis to this point weighs in favor of transferring the above-civil action to the United States District Court in the District of South Carolina in that trial in that forum provides for an expeditious and inexpensive resolution.

---

[5] The Defendant has identified a lengthy list of third-party witnesses in Defendant's Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction, or, in the Alternative, to Transfer Venue Pursuant to 28 U.S.C. § 1404. (Document No. 7). For brevity, the Court will not reproduce the entire list; however, the Court observes that the list includes approximately seven (7) witnesses who reside in South Carolina, two (2) witnesses who reside in Georgia, and one (1) witness who resides in North Carolina. (Document No. 7).

3. **Public Interest**

The asserted connection between the contract dispute between the above-captioned parties and the District of South Carolina has been clearly demonstrated by the Defendant. The Court also observes that the Defendant has provided to the Court certain facts involving a pending state action in South Carolina.

On December 3, 2004, the Defendant filed and served a three count Complaint against Backus USA and the Plaintiff in the above-captioned civil action in the Court of Common Pleas for the Ninth Judicial Circuit in Charleston County, South Carolina alleging breach of contract, negligence, and breach of contract accompanied by fraudulent act. (Document No. 7).

On December 20, 2004, with no pending civil action yet filed in the United States District Court for the Western District of Pennsylvania, the Defendant filed and served an Amended Complaint in the South Carolina action adding counts for statutory unfair trade practices under South Carolina law and for piercing the corporate veil.[6] (Document No. 7).

On January 18, 2005, the Plaintiff filed a one count Complaint against the Defendant, and on February 23, 2005, the Defendant timely removed the action to the Western District of Pennsylvania, which is the above-captioned civil action. (Document No. 7).

---

[6]The Court observes that Pennsylvania Rule of Civil Procedure 1007 sets forth that an action in Pennsylvania may be commenced by a praecipe for a writ of summons, or a complaint. Additionally, P.R.C.P. 1018 1.1 indicates that the first time claims are stated, and the first time there is any obligation to respond, is with the service of a complaint. Accordingly, the fact that the Plaintiff in the above-captioned action filed its action first by a praecipe for writ of summons, such action does not warrant the application of the "first filed" rule, and it will not preclude transfer to a more appropriate venue. See *Schiller-Pfeiffer, Inc. v. Country Home Prods... Inc.*, 2004 WL 2755585, *10 (E.D. Pa. Dec. 1, 2004)(rejecting plaintiffs arguments based on federal "first-filed" principles where plaintiffs commenced action in Pennsylvania by filing a praecipe for writ of summons, but defendants filed first complaint in Vermont court, and Vermont court had established it had personal jurisdiction over the parties and had declined a motion to transfer). Therefore, the Court in the case *sub judice* determines that the fact that related actions are pending in the proposed transferee State of South Carolina, County of Charleston, Court of Common Pleas, Ninth Judicial Circuit is a factor to be afforded consideration when weighing the interests of economy, convenience, and efficient administration of justice.

On August 25, 2005, the Court of Common Pleas in the State of South Carolina, County of Charleston, denied defendants' Backus USA, Freshtec Food Processing Equipment International, LLC, Sormac B.V., Backus Foodtec, and Larry Salone's Motion to Dismiss, or to Stay Proceedings. (Document No. 10). The South Carolina action remains pending. *Id.*

Based upon this Court's evaluation of public interest factors, such as "the locus of the alleged culpable conduct . . . the connection of the conduct to the [P]laintiff's chosen forum", Van Cauwenberghe, 486 U.S. at 529, 108 S.Ct. 1945, and upon consideration of "local interest in having localized controversies decided at home" Piper 454 U.S. at 241 n. 6, 102 S.Ct. 252, "the interest in having a trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems and conflicts of laws or the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty" Rappoport, 16 F.Supp.2d at 500, the Court determines that an analysis of public interest factors also weighs in favor of transfer to the United States District Court in the District of South Carolina.

Accordingly, the Court finds that upon consideration of the Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404, the record in the case *sub judice*, the relevant case law, and the failure of Plaintiff to respond or object to Defendant's motion, the Court shall grant the Defendant's Motion to Transfer Venue to the United States District Court of South Carolina; furthermore, the Court shall deny the Defendant's Motion to Dismiss as that motion is left to the discretion of the United States District Court in the District of South Carolina.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRESHTEC FOOD PROCESSING, EQUIPMENT INTERNATIONAL, LLC,  )<br>)<br>)<br>Plaintiff, )<br>v.  )<br>)<br>EASY TRAY, LLC,  )<br>)<br>Defendant.  ) | Civil Action No. 05-142J |

## ORDER

AND NOW, this 21st day of November, 2005, upon consideration of Defendant's unopposed Motion to Dismiss or Transfer Venue Pursuant to 28 U.S.C. § 1404 (Document No. 6), the record in the case *sub judice*, the governing legal principles set forth in 28 U.S.C. § 1404, and in accordance with this Court's Memorandum Opinion, **IT IS HEREBY ORDERED** that the Court shall grant the Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404, and deny the Defendant's Motion to Dismiss.

BY THE COURT:

*[signature]*

UNITED STATES DISTRICT JUDGE
THE HONORABLE KIM R. GIBSON

cc:   All counsel of record.